989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Brian MERCHANT, Defendant-Appellant.
 No. 92-5679.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 1, 1993
Decided: March 23, 1993
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CR-92-21)
 R. Mike Mullens, Elkins, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Brian Merchant entered a guilty plea to one count of distribution of crack within one thousand feet of a school in violation of 21 U.S.C.A. §§ 841, 845a[1] (West 1981 & Supp. 1992). He appeals his sentence, alleging that the district court erroneously awarded him one criminal history point for each of two prior state convictions of battery under guideline section 4A1.1(c).[2] We affirm.
 
 
 2
 The probation officer recommended that each prior offense receive one criminal history point. Merchant objected that both offenses were more in the nature of minor offenses excludable under guideline section 4A1.2(c). The first offense occurred in 1982 when Merchant was trespassing at the Greyhound Bus Station in Sacramento, California, and refused to leave. Security guards placed him under arrest. While awaiting the arrival of police, Merchant committed a battery by kicking a guard in the leg. He received a sentence of seven days in jail. Merchant testified at his sentencing hearing that this offense was just "a little tussle."
 
 
 3
 The second offense occurred in 1990. Merchant entered guilty pleas to battery, obstructing an officer, and public intoxication. No description of the events leading to his arrest were provided in the presentence report. However, Merchant said he and his girlfriend had a domestic dispute to which police apparently were called. His description did not make clear how the battery occurred or who the victim was. Merchant received a sentence of two days in jail for the battery.
 
 
 4
 The district court found that, although both prior offenses seemed to be rather minor matters, criminal history points were properly awarded. We review this determination de novo, and find no error. While we acknowledge that the facts surrounding each offense suggest a degree of similarity to the offenses excluded under section 4A1.2(c), we find that Merchant's convictions for battery are more serious than any of the excludable offenses. See United States v. Dillon, 905 F.2d 1034 (7th Cir. 1990).
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Now found at 21 U.S.C.A. § 860 (West Supp. 1992)
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)